UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>        Plaintiff,<br><br>     v.<br><br>THE CITY OF RANCHO CORDOVA, et al.,<br><br>        Defendants. | No. 2:25-cv-2953 DC AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff paid the filing fee and is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff sues five defendants, each of whom moves to dismiss. ECF No. 4 (motion by defendant HDL Companies NC), No. 5 (motion by defendant The City of Rancho Cordova), No. 7 (motion by defendant Rancho Cordova Tourist Board Corp. and defendant Rancho Cordova Travel, joined by HDL Companies (ECF No. 29)), No. 10 (motion by defendant Meyers Nave). The motion by defendant Meyers Nave includes an anti-SLAPP motion. ECF No. 10. Plaintiff opposes each motion. ECF No. 26. Two reply briefs were filed. ECF No. 28, 30. Plaintiff filed two motions for a temporary restraining order (ECF Nos. 13 and 23).

Because this court lacks subject matter jurisdiction to hear this case, the undersigned recommends that defendants' motions to dismiss addressing subject matter jurisdiction (ECF Nos. 4, 5, and 7) be GRANTED, and that the plaintiff's motions and the motion by Meyers Nave (ECF

1

Nos. 10, 13, 23) be DENIED as MOOT. This case should be dismissed without prejudice and without leave to amend.

## I. Background

### A. The Complaint

Plaintiff Howard Herships is a long-term resident at a hotel in Rancho Cordova, California, and he brings this case to "stop the City of Rancho Cordova from collecting the TBID Tax of 4.5% of the monthly rent plus $1.50 per night fee, which is collected by the hotel even though Plaintiff has consecutively occupied the premises beyond the 30th day, which defendant are prohibited under California Law as California Revenue and Tax Code § 7280(a) from collecting these fees and taxes." ECF No. 1 at 1. Plaintiff alleges that Rancho Cordova's TBID tax (or Tourism Business Improvement District assessment) is collected without a valid statutory basis and accordingly is an "illegal taking" in violation of the Fifth and Fourteenth Amendments. Id. at 2. Plaintiff further asserts that he is 81 years old, and accordingly the TBID tax, which is prohibited by California tax law, constitutes "Financial Elder Abuse" under California law. Id.

Plaintiff has been forced to pay these taxes for over two years without legal or statutory basis. Plaintiff alleges that the tax violates the 14th Amendment's Equal Protection Clause because tenants in Rancho Cordova who have tenancy in rental apartments rather than hotels do not have to pay the taxes. Id. Plaintiff sues Meyers Nave, which serves as the attorneys of record for the City of Rancho Cordova. Id. at 4. Plaintiff asserts that Meyers Nave implemented and advised the City regarding the TBID tax, even though they knew it was illegal. Id. Plaintiff alleges defendants Rancho Cordova Travel and the Rancho Cordova Tourist Board collect approximately 2.4 million dollars annually from the illegal tax. Id. Defendant HDL Companies specializes in the collection of taxes in California and at all times knew that the TBID Tax is limited to short term rentals and that California law prohibited its collection on tenants beyond 30 days of tenancy. Id. at 5. Defendants have refused to refund plaintiff for his paid TBID taxes. Id.

### B. Pending Motions

Defendants move to dismiss on several grounds, although some bases for dismissal are

raised in multiple motions: (1) there is no federal cause of action (and accordingly, no jurisdiction) because plaintiff's purported federal claims are state law claims couched as constitutional violations; (2) TBID taxes, which have been levied since 2021, are paid by hotels themselves and not hotel guests, and accordingly plaintiff lacks standing to bring this suit; and (3) California Revenue and Tax Code § 7280 does not apply to TBID assessments on hotels.  See, ECF No. 4 at 12-15; ECF No. 7 at 17.  The City of Rancho Cordova's motion further asserts that this case is barred by the Tax Injunction Act.  ECF No. 5-1 at 3.

Defendant Meyers Nave, a law firm, moves to dismiss on the merits for failure to state a claim and within that motion, brings a special motion to strike under California's anti-SLAPP statute, seeking $15,985.00 in attorneys' fees from plaintiff.  ECF No. 10 at 12.

Plaintiff filed two motions for a temporary restraining order, preventing the collection of the TBID tax.  ECF Nos. 13 and 23.

## II. Analysis

### A. This Court Lacks Subject Matter Jurisdiction

Defendants HDL, Rancho Cordova Travel, the City of Ranco Cordova, and the Rancho Cordova Tourist Board move to dismiss for lack subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  ECF Nos. 4 at 2, 5-1 at 1, and 7 at 2.  Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal

3

courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Plaintiff attempts to invoke federal question jurisdiction by asserting constitutional claims. However, it is very clear from the allegations that each of plaintiff's purported constitutional claims hinge on plaintiff's contention that one local tax (the "TBID tax") violates California's tax law (Cal. Rev. & Tax Code § 7280 (a)). It is well settled that a litigant cannot "transform a state-law issue into a federal one merely by asserting a [constitutional] violation." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."); Mitchel v. City of Santa Rosa, 695 F. Supp. 2d 1001, 1006 (N.D. Cal. 2010), aff'd in part, 476 F. App'x 661 (9th Cir. 2011) ("a claim cannot be stated under Section 1983 for a violation of state or local law.").

Each of plaintiff's claims under §1983 is very clearly premised on an alleged violation of state law. Plaintiff alleges that because the TBID tax is collected "without a valid statutory basis" it constitutes an "illegal taking" and/or due process violation of under the Fifth and Fourteenth Amendments. ECF No. 1 at 2. Plaintiff specifically links the alleged constitutional violation to California state law, asserting that the TBID tax "constitutes an 'illegally taking' of plaintiff's money which is prohibited by California Rev & Tax Code § 7280(a)[.]" Id. Plaintiff's allegation that defendants violated the Equal Protection Clause of the 14th Amendment is likewise rooted in his belief that the TBID tax violates state law. For example, he supports his claim by asserting defendants deprived him "'Equal Protection of the Laws' in that Plaintiff on the 30th day had residency status which provides no taxes or fees can be assessed by the City of Rancho Cordova, which is mandated by California Law to wit § 7280(a) of the California Revenue and Tax Code.

Defendants . . . are violating Plaintiff's Equal Protection Rights as other rental tenants in Rancho Cordova do not pay this tax." Id. at 7.

To the extent plaintiff asserts that equal protection is violated because defendants are discriminating between renters in long-term stay hotels and renters in more traditional rental dwellings such as apartments buildings, the claim is without legal basis. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."). When local economic regulations are challenged as violating the equal protection clause, "it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." City of New Orleans v. Dukes, 427 U.S. 297, 303–04, (1976). Plaintiff's Fourteenth Amendment equal protection claim is frivolous because it is not based on plaintiff's membership in a protected class or treatment different than that afforded similarly situated individuals. See Buchanan v. Maine, 469 F.3d 158, 178 (1st Cir. 2006) (plaintiffs claiming an equal protection violation must identify specific instances where persons situated similarly in all relevant aspects were treated differently). Traditional renters and long-term hotel tenants are not similarly situated, and to the extent plaintiff contends that the TIBD tax targets indigent persons, the law is clear that indigent persons are not a suspect class. Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999).

All of plaintiff's constitutional claims are re-packaged allegations that the TBID tax exists in violation of California state law, and to the extent they invoke federal specific constitutional principles they are legally frivolous. Even assuming that the TBID tax does violate California law, a violation of state law is not the same thing as a violation of the U.S. Constitution. A claim that a state law has been violated cannot be turned into a federal question simply by stating that the violation amounts to a violation of the U.S. Constitution. Plaintiff's case falls squarely within the strong line of authority prohibiting federal courts from asserting jurisdiction over state law claims rhetorically framed as federal constitutional claims. See Langford, 110 F.3d at 1389. Accordingly, the motions to dismiss must be granted and this case be dismissed without prejudice

5

for lack of subject matter jurisdiction. Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

### B. Motion to Dismiss State Law Claim and Anti-SLAPP Motion to Strike

The law firm defendant Meyers Nave brings a motion to dismiss for failure to state a claim upon which relief can be granted, and a special motion to strike pursuant to California Code of Civil Procedure § 425.16 (Anti-SLAPP), asking this court to order plaintiff to pay $15,985 in attorneys' fees. ECF No. 10 at 2. California's anti-SLAPP statute protects against "strategic lawsuits against public participation;" that is, "lawsuits brought primarily to chill' the exercise of speech and petition rights." FilmOn.com Inc. v. DoubleVerify Inc., 7 Cal.5th 133 (2019) (quoting Cal. Civ. Proc. Code § 425.16(a)). The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Code § 425.16(c). "[A] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims." Hilton v. Hallmark Cards, 599 F.3d 894, 900-01 (9th Cir. 2010).

As stated above, the court lacks subject matter jurisdiction over the case. Accordingly, the motion to dismiss for failure to state a claim is moot. Further, "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007). The court does not have jurisdiction to rule on Meyers Nave's motion to dismiss or its anti-SLAPP motion. See Thrower v. Wells Fargo Bank, NA, No. 24-cv-05047-DMR, 2025 WL 1359123, at *6 (N.D. Cal. May 9, 2025). The motion accordingly must be DENIED as MOOT.

### C. Plaintiff's Motions

Because the court lacks subject matter jurisdiction over this case, plaintiff' motions for temporary restraining orders (ECF No. 13, 23) should be DENIED as MOOT.

### III. Leave to Amend Is Not Appropriate

Considering the contents of the complaint and the court's lack of subject matter jurisdiction over the gravamen of the dispute, leave to amend is not appropriate. A plaintiff appearing in pro se should generally be given leave to amend, unless it is clear that amendment

6

would be futile. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987). Here, it is clear that amendment is futile and leave to amend is therefore inappropriate. "Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Id. (cleaned up). Because it is clear that this court lacks subject matter jurisdiction, dismissal without leave to amend is appropriate.

### IV.     Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that this case be dismissed because there is no federal subject matter jurisdiction. A violation of state law is not the same thing as a violation of the U.S. Constitution, and you cannot turn a state law claim into a federal claim by saying that the violation of a state law violates your constitutional rights. These claims can only be heard in state court. Because there is no subject matter jurisdiction, the Magistrate Judge is also recommending that the court deny your motions for a temporary restraining order and Meyers Nave's motion asking the court to order you to pay them over $15,000.00 in attorney's fees for filing this case. If you disagree with these recommendations, you have 21 days to file objections. The District Judge will make the final decision.

### V. Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motions to dismiss at ECF Nos. 4, 5, and 7 be GRANTED;
2. The motions at ECF No. 10, 13, and 23 be DENIED as MOOT; and
3. That the this be DISMISSED in its entirety, without prejudice, for lack of jurisdiction, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 5, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE